UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL C. JOHNSON,

                Petitioner,

v.

RON FRAKER,

                Respondent.

CASE NO. C10-5090BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DENYING CERTIFICATE OF
APPEALABILITY

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 22), and

Petitioner Daniel C. Johnson's ("Johnson") Objections to the Report and

Recommendation (Dkt. 23).

## I. PROCEDURAL AND FACTUAL HISTORY

On February 4, 2010, Johnson filed a petition for writ of habeas corpus under 28

U.S.C. § 2254 challenging his 2006 state court convictions for first degree murder, two

counts of first degree assault, and one count of first degree burglary, each with a firearm

sentencing enhancement.  Dkt. 1. On November 10, 2011, the magistrate judge issued an

ORDER - 1

1  R&R recommending that the petition be dismissed with prejudice, and that the Court not

2  issue a certificate of appealibility.  Dkt. 22 at 36.

3      On November 23, 2011, Johnson filed objections to the R&R.  Dkt. 23.  Johnson

4  argues that the Court should reject the magistrate judge's findings for four reasons. *Id.*

5  First, he reiterates his previous assertion that the Washington Court of Appeals denied his

6  motion to recall the mandate, which violated his constitutional right to due process and

7  his right to exhaust state remedies. *Id.* at 1. Johnson contends that the Washington Court

8  of Appeals issued a mandate terminating review without first serving him with a copy of

9  its ruling on his motion to reconsider. He claims that when the appellate court issued a

10  mandate affirming his conviction, he did not receive a copy of the order while

11  incarcerated. This, Johnson argues, caused a delay in his filing a motion to review, which

12  violated his constitutional rights by denying his motion to recall that court's mandate. *Id.*

13  at 2.

14      Second, Johnson claims that the trial transcripts were so incomplete that the

15  appellate court could not have properly assessed his claim of ineffective assistance of

16  counsel. *Id.* at 2-3. Johnson's final claims are that he received ineffective assistance of

17  counsel during both the trial and the appellate review of his case. *Id.* at 5.

18      Under Rule 8(b) of the rules governing habeas petitions brought under § 2254, the

19  district court judge "must determine de novo any proposed finding or recommendation to

20  which objection is made" and "may accept, reject, or modify any proposed finding or

21  recommendation."  Rule 8(b), Rules Governing Section 2254 Cases.

22

ORDER - 2

1    While Johnson objects to the magistrate judge's findings regarding his claims, he

2 makes no objection to her description of the procedural history in this case. *See generally*

3 Dkt. 23.  Therefore, the Court will adopt the procedural history as it appears in the R&R.

4 Dkt. 23 at 2-3.

5                                    **II. DISCUSSION**

6    Johnson argues that the magistrate judge erred in concluding that his claims fail,

7 but his objections do not present new arguments. His objections amount to little more

8 than a "second bite" at theories that the magistrate judge has correctly analyzed and

9 rejected within the R&R. *Compare* Dkt. 22 *with* Dkt. 23. Because the Court agrees with

10 the magistrate judge's analysis and conclusions on these objections, the Court denies

11 relief on these issues.

12 **A.    Recall of the Mandate**

13    In his first ground for relief, Johnson asserts that the Washington Court of

14 Appeals' denial of his motion to recall the mandate violated his right to exhaust state

15 remedies and his due process rights. In regard to Johnson's first claim, the magistrate

16 judge found that the appellate court's refusal to recall its mandate did not deny Johnson

17 his right to appeal, but only denied Johnson "an opportunity to pursue *discretionary*

18 review of the Court of Appeals' decision," which does not violate his constitutional

19 rights. Dkt. 22 at 17. Because Johnson was not denied a federal constitutional right when

20 the Washington Court of Appeals refused to recall its mandate, he is not entitled to

21 federal habeas relief on this claim and it should therefore be denied. *Id.*

22

1    The Court agrees with the magistrate judge that Johnson's claim fails. Johnson

2  has not alleged facts that, if proven, would entitle him to relief.  In his objection to the

3  R&R, Johnson does not address the fact that there is no constitutional guarantee to review

4  beyond the appellate level. *See generally* Dkt. 23. His first claim, therefore, fails.

5  **B.      Record on Appeal**

6    In his second ground for habeas relief, Johnson asserts that he was denied his

7  constitutional right to a record of sufficient completeness to permit effective appellate

8  review. Johnson, however, fails to state with any particularity how any gaps in the

9  records have prevented him or his counsel from raising an issue, or how a more complete

10  transcript would have enhanced the fairness of the process. The magistrate judge

11  correctly notes that Johnson is only entitled to a sufficient record, not a perfect record.

12  Accordingly, his second claim fails.

13  **C.      Ineffective Assistance of Appellate Counsel**

14    In his third ground for habeas relief, Johnson claims that his appellate counsel

15  provided ineffective assistance of counsel. Specifically, he argues that his attorney acted

16  unreasonably by failing to take steps to ensure a more complete record, by failing to

17  ensure that closing arguments were recorded, and by failing to remove a juror who had

18  sold the victim's house. However, Johnson fails to show prejudice from counsel's

19  allegedly deficient performance. Johnson's arguments have already been considered by

20  the magistrate judge, who recommended that the claim for habeas relief be denied. The

21  Court agrees with the magistrate judge's conclusion.

22

**D.      Fourth Habeas Claim – Ineffective Assistance of Trial Counsel**

Finally, Johnson claims that because the record was incomplete, he was denied effective assistance of counsel. Johnson merely reiterates his belief that an incomplete record prevented him from supporting his claims on appeal, without specifying any particular reason as to how the state of the record prevented him from doing so. Therefore, Johnson's fourth and final claim is denied.

**E.      Certificate of Appealability**

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the instant case, the magistrate judge found that, under 28 U.S.C. § 2253(c)(3), Johnson failed to make "a substantial showing of the denial of a constitutional right." *Id.* A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322,327 (2003). the magistrate judge found that, under this standard and based on a thorough review of the record and analysis of the law, Johnson is not entitled to a certificate of appealability.  Dkt. 22 at 36.

1    Having reviewed the record in this case, the Court finds that the determination that

2  Johnson's claims fail is not debatable among reasonable jurists. Therefore, the Court

3  declines to issue Johnson a certificate of appealability.

4                                      **III. ORDER**

5    The Court having considered the R&R, Johnson's objections, and the remaining

6  record, does hereby find and **ORDER** that:

7    (1)    The R&R is **ADOPTED**;

8    (2)    The action is **DISMISSED with prejudice**; and

9    (3)    The Court **DECLINES** to grant Johnson a certificate of appealability.

10   Dated this 16th day of February, 2012.

11

12

13                                      BENJAMIN H. SETTLE
                                        United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 6